**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SANUEL D. JOHNSON, | |
| Plaintiff, | Case No. 16 C 9790 |
| v. | Judge Harry D. Leinenweber |
| POSEN POLICE DEPARTMENT, | |
| Defendant. | |

# ORDER

Defendant Posen Police Department's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) [ECF No. 6] is granted.

# STATEMENT

The following facts are taken from Plaintiff Sanuel D. Johnson's one-paragraph, handwritten complaint. They are presumed true for purposes of deciding the motion to dismiss. *See, Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

Around 2:30 a.m. on an unspecified date, Johnson was pulled over by a police officer after being followed "for 7-10 minutes." He was then taken to a police station, presumably the Posen Police Department's. Two other officers at the station took cell phone pictures of Johnson in his neck brace. The officers mocked Johnson when he told them to stop taking pictures of him.

Johnson alleges that he felt violated and disrespected. He brings claims for "harassment *[sic]*, personal humiliation, racism, valation *[sic]* of my Constitutional Right, loss of property[,] loss of wages (Job)." Importantly, he names as a

defendant only the Posen Police Department and not any individual officer.

In ruling on Defendant's 12(b)(6) Motion, the Court applies the usual standards, although it construes Johnson's *pro se* Complaint liberally and holds it "to a less stringent standard than formal pleadings drafted by lawyers." *See*, *Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). The Court also notes that it is making its ruling without the benefit of hearing from Johnson since he has not filed a responsive brief to the Motion.

For the sake of completeness, the Court begins by making note of some matters that were not addressed in the Posen Police Department's Motion. First, while Johnson's factual allegations may state a claim for infliction of emotional distress under Illinois law, he is not here suing the individual officers who are presumably necessary parties for such claims. *See,* U.S.C. FED. R. CIV. P. 19. Second, although the Posen Police Department may be liable under the doctrine of *respondeat superior* for such a claim against its officers, the Court does not have jurisdiction over that state-law claim unless it may exercise supplemental jurisdiction in relation to a claim for which it does have jurisdiction. *See,* 28 U.S.C. § 1367. As explained below, the Court concludes that there is no such claim to give it jurisdiction.

The Court finds that the Complaint does not plead sufficient facts to make out any 42 U.S.C. § 1983 against a municipality like the Posen Police Department. Under *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978), "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Instead, a plaintiff must establish that his constitutional injury was caused by a municipal "policy." *Id.* at 690-91. Plaintiff has not alluded to any such policy in his Complaint. There was no mention of any practice by the Posen

Police Department constituting either an express policy or an implied policy "so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Neither was there an allegation that a person with "final policymaking authority" acted to violate Johnson's constitutional rights.  *See, McTigue v. City of Chi.,* 60 F.3d 381, 382 (7th Cir. 1995) (listing the above as the ways in which a § 1983 plaintiff may show a municipal "policy").

Furthermore, it is unclear what federal "right, privilege, or immunity" Johnson is claiming that the Posen Police Department violated.  *See, Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) ("Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights conferred elsewhere.").  The Defendant interprets Johnson's sparse Complaint as potentially stating two claims under the federal Constitution:  a race-based Equal Protection claim on the basis of Johnson pleading "racism" and a Due Process property deprivation claim on the basis "loss of property" and "loss of wages (Job)."  To this the Court would add that it is possible that Johnson is asserting an unreasonable seizure claim from his arrest by the police.  The Court addresses each of these underlying causes of action in turn.

"To state an equal protection claim, individuals must allege that:  (1) they are a member of a protected class; (2) they are otherwise similarly situated to the members of an unprotected class; (3) they were treated differently than the members of the unprotected class; and (4) the defendant acted with a discriminatory intent."  1-10 IL Governmental Tort & Civil Rights Liability § 10.29 (2015).  Here, Johnson purportedly is bringing an Equal Protection claim based on race, but he does not say what his race is.  He also does not explain

- 3 -

what state action he is challenging (the arrest? the taking of his photos? the deprivation of property?) or how he was treated differently than members of an unprotected class in such actions.

As for a Due Process deprivation claim, a plaintiff must show that he "has been deprived of a protected liberty or property interest" and that "the deprivation occurred without due process." *See, Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills,* 589 F.3d 865, 870 (7th Cir. 2009). Frankly, the Court is at loss to figure out how Johnson lost "property" (and what this property may be) or wages from his encounter with the Posen Police Department. But even assuming that whatever "property" or wages Johnson lost was a protected interest, Johnson has not alleged what process was due him but was denied by the Posen Police Department.

Finally, "[p]robable cause is an absolute defense to a wrongful arrest claim asserted under § 1983 against police officers." *Padula v. Leimbach,* 656 F.3d 595, 601 (7th Cir. 2011). Johnson's account of his arrest does not raise any reasonable inference that the police officer who stopped him lacked reasonable cause for doing so. His only description of the arrest was that the officer followed him for "7 to 10 minutes." Perhaps Johnson is asserting that this is too long of a time for a police officer to be following somebody, but that assertion does not state a cognizable violation of Johnson's privacy. *See, United States v. Jones,* 565 U.S. 400, 412 (2012) ("This Court has to date not deviated from the understanding that mere visual observation does not constitute a search. . . . [Accordingly,] a person traveling in an automobile on public thoroughfares has no reasonable expectation of privacy in his movements from one place to another.") (internal citations, quotation marks, and alteration omitted). Or perhaps Johnson is

claiming that in the course of following him this long, the officer was bound to witness some minor traffic violation which he then used as a pretext to stop Johnson. However, the Supreme Court has approved of such policing tactics. *See, generally, Whren v. United States,* 517 U.S. 806 (1996).

In sum, the Court finds that even when liberally construed, Johnson's Complaint does not state a claim upon which relief can be granted. The Complaint fails to make out both a municipal "policy" and an underlying constitutional violation for which Defendant Posen Police Department may be held liable.

For the reasons stated herein, the Court grants the Motion and dismisses Johnson's Complaint without prejudice. If Johnson does not amend his Complaint within twenty-one (21) days from the date of this Order, the dismissal will convert automatically into a dismissal with prejudice.


_____
Harry D. Leinenweber, Judge
United States District Court

Dated: December 16, 2016